■ · In the Matter of GUILLERMO CRUZ, Appellant, v BRION D. TRAVIS, as Chairman of New York State Division of Parole, Respondent. [711 NYS2d 360] —Mugglin, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 22, 1999 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's application for parole release.

As a result of his convictions for the crimes of manslaughter in the first degree and criminal possession of a weapon in the third degree, petitioner was sentenced to prison terms of 6 to 18 years and 2⅓ to 7 years, to be served concurrently. The Board of Parole denied petitioner's application for parole release. Supreme Court dismissed the petition seeking review of that determination and we affirm.

Inasmuch as actions taken by the Board are deemed to be judicial functions and not reviewable when made in accordance with law, Supreme Court properly dismissed the petition (*see*, Executive Law § 259-i [5]). The record reveals that in denying petitioner's application for parole release, the Board considered all relevant factors, including the gravity of petitioner's instant offense, petitioner's lack of insight into the offense and his earned eligibility certificate (*see*, Executive Law § 259-i [2] [c]; *Matter of Rhoden v New York State Div. of Parole*, 270 AD2d 550). Although petitioner received a certificate of earned eligibility, the Board made the specific finding that there was a reasonable probability that petitioner could not remain at liberty without violating the law and that his release was not compatible with the welfare of society (*see*, Correction Law § 805; *Matter of Howard v New York State Bd. of Parole*, 270 AD2d 539).

Petitioner's claim that he was denied due process because he was not allowed access to confidential material considered by the Board is unpreserved for review since petitioner failed to raise this argument in his administrative appeal (*see*, *Matter of Moore v New York State Bd. of Parole*, 233 AD2d 653). Moreover, the record does not reveal that petitioner made the necessary request in writing for such records pursuant to 9 NYCRR 8000.5 (c) (3).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.