■ In the Matter of PHILIP SYMMONDS, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, et al., Respondents. [801 NYS2d 90]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered March 3, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner, convicted in 1983 of murder in the second degree and two counts of robbery in the first degree, is serving a prison sentence of 15 years to life stemming from the stabbing death

of the victim during a home robbery. Following his fourth appearance before the Board of Parole in October 2003, petitioner's request for parole release was again denied. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. A review of the record belies petitioner's contention that the Board based its determination solely on the instant nature of the offense without appropriate consideration of relevant statutory factors. The parole release interview and the Board's decision demonstrate that the Board considered petitioner's exemplary disciplinary record, positive institutional achievements, medical condition and plans upon release. Furthermore, the record establishes that the Board was aware of the specific role that petitioner played in the commission of the instant offense. Although the Board placed particular emphasis on the escalation of petitioner's criminal history and nature of the instant offense, it is not required to give equal weight to or specifically discuss all factors it considered in making its determination (*see Matter of Mendez v New York State Bd. of Parole*, 20 AD3d 742 [2005]; *Matter of Martin v Travis*, 17 AD3d 884, 885 [2005], *appeal dismissed* 5 NY3d 782 [2005]). Inasmuch as the determination resulted from an exercise of the Board's discretion following consideration of relevant statutory factors (*see* Executive Law § 259-i), and petitioner has failed to demonstrate that the determination resulted from " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), the determination is not subject to further judicial review (*see* Executive Law § 259-i [5]; *Matter of Gamez v Dennison*, 18 AD3d 1099 [2005]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.