██ In the Matter of CALVIN TURNER, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [807 NYS2d 424]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered March 7, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner, a 55-year-old inmate, has a criminal record dating back to 1965 consisting of numerous misdemeanor convictions as well as two felony manslaughter convictions, one involving the 1975 shooting death of a female during a robbery and the second involving the 1979 stabbing death of another inmate. In October and November 2002, while on parole, petitioner sold cocaine and firearms to undercover police officers. As a result, he was convicted in October 2003 of criminal sale of a controlled substance in the third degree and criminal sale of a firearm in the third degree, and was sentenced to concurrent prison terms of 2 to 6 years and 1 to 3 years, respectively. He made his first appearance before the Board of Parole in connection with these charges in March 2004. The Board denied his request for release finding, based on various considerations, that it would not be in the best interest of the community. After the denial was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the Board's decision. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

It is well settled that parole release decisions are discretionary and will not be disturbed so long as the statutory requirements set forth in Executive Law § 259-i are met (*see Matter of Mendez v New York State Bd. of Parole*, 20 AD3d 742, 743 [2005]; *Matter of Zayd WW. v Travis*, 17 AD3d 755, 755 [2005], *lv denied* 5 NY3d 706 [2005]). The Board is not required to articulate each statutory factor considered in making its decision nor to give each factor equal weight (*see Matter of Davis v New York State Bd. of Parole*, 17 AD3d 970, 970 [2005]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 789 [2004]). Here, the transcript

of the parole hearing discloses that, in making its decision, the Board took into account many factors, including petitioner's extensive criminal history, his commission of the present offenses while on parole, his clean disciplinary record, his completion of a drug program, a former employer's letter of support, his noncertifiable status for a certificate of earned eligibility and his postrelease plans. In view of this, we do not find that its decision evinces " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Moreover, we reject petitioner's claim that the denial was the product of an executive policy to deny parole to violent felons (*see Matter of Vargas v New York State Bd. of Parole*, 20 AD3d 738, 739 [2005]). We have considered his remaining contentions, to the extent they are properly before us, and find them to be without merit.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.