■ In the Matter of IRA MARSH, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [818 NYS2d 356]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered February 6, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving concurrent prison terms of 20 years to life and 7½ to 15 years following his 1976 convictions of murder in the second degree and attempted robbery in the first degree for the shooting death of a liquor store owner during a robbery. Following petitioner's sixth appearance before the Board of Parole in September 2004, his request for parole release again was denied. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

Upon review of the record, we are unpersuaded by petitioner's contention that the Board's decision fails to comport with the statutory requirements of Executive Law § 259-i. A review of the Board's decision and the parole interview establish that the Board considered the appropriate statutory factors, including not only the serious nature of petitioner's crime, but also his clean disciplinary record, program accomplishments and plans upon release (see Executive Law § 259-i [2] [c] [A]). Although the Board placed emphasis on petitioner's instant offense and prior criminal history, it was not required to discuss or give equal weight to every factor it considered in rendering its determination (see Matter of Symmonds v Dennison, 21 AD3d 1171 [2005], lv denied 6 NY3d 701 [2005]; Matter of Salahuddin v Travis, 17 AD3d 760 [2005], lv denied 5 NY3d 707 [2005]). We also reject petitioner's contention that the Board's decision amounted to a resentencing. Inasmuch as the determination resulted from an exercise of the Board's discretion following consideration of relevant statutory factors (see Executive Law § 259-i), and there being no "showing of irrationality bordering on impropriety" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), further judicial review is precluded (see Executive Law § 259-i [5]; see also Matter of Motti v Travis, 19 AD3d 763 [2005]). Petitioner's remaining contentions, including his claim that the Board's determination was premised upon an unwritten executive policy to deny violent felons release on parole and his ex post facto argument, have been reviewed and found to be unpersuasive.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.