■ In the Matter of JAMES GILES, Appellant, v ROBERT DENNISON, as Chair of the Board of Parole, Respondent. [818 NYS2d 353]—

Appeal from a judgment of the Supreme Court (Clemente, J.), entered December 8, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving concurrent prison terms of 15 years to life for his 1984 convictions of, among other things, seven counts of robbery in the first degree. In August 2003, petitioner made his fourth appearance before the Board of Parole and his request for parole release was denied. After exhausting his administrative appeals, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court dismissed the petition, prompting this appeal.*

This Court will not disturb the Board's determination unless the requirements of Executive Law § 259-i have not been met (*see Matter of Friedgood v New York State Bd. of Parole*, 22 AD3d 950, 950 [2005]) or the Board's conclusions evince a level " 'of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Here, a review of the parole hearing transcript establishes that the Board considered the requisite statutory factors in denying petitioner's request for parole release, including petitioner's disciplinary infractions since his last Board appearance, his program participation and his plans upon release (*see* Executive Law § 259-i [2] [c] [A]). Although the Board placed emphasis in its determination on petitioner's instant offense and serious criminal history, it is well settled that the Board is not required to give equal weight to or specifically discuss every factor it

* Although petitioner is eligible to reappear before the Board, inasmuch as 24 months has elapsed since his last appearance, he has requested that his reappearance be deferred until the disposition of this appeal.

considered in rendering a determination (*see Matter of Webb v Travis*, 26 AD3d 614, 615 [2006]; *Matter of Symmonds v Dennison*, 21 AD3d 1171, 1172 [2005], *lv denied* 6 NY3d 701 [2005]). Inasmuch as the Board considered appropriate statutory factors and adequately set forth its reasoning in denying petitioner's request for parole release, further judicial review of the discretionary determination is precluded (*see* Executive Law § 259-i [5]; *see also Matter of Johnson v New York State Bd. of Parole*, 16 AD3d 750, 751 [2005], *lv denied* 5 NY3d 703 [2005]).

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.