◼ In the Matter of MICHAEL BURRESS, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [829 NYS2d 283]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered June 26, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted of numerous crimes arising from a 1977 incident during which he drove an acquaintance to a hotel for the purpose of committing a robbery and the acquaintance fatally shot a police officer. He currently is serving 20 years to life in prison upon his most serious conviction of murder in the second degree. In August 2005, he made his fifth appearance before the Board of Parole requesting release. At the conclusion of the interview, his request was denied and he was ordered held for an additional 24 months. After the determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging it. Following joinder of

issue, Supreme Court dismissed the petition and this appeal ensued.

Contrary to petitioner's claim, the record discloses that the Board weighed and considered the appropriate factors set forth in Executive Law § 259-i in denying his request for parole release. In addition to the serious nature of petitioner's crimes, the Board took into account petitioner's criminal history, his prison disciplinary record, program accomplishments and postrelease plans (see Matter of Rivera v Dennison, 25 AD3d 856, 857 [2006]). The Board was not required to accord each statutory factor equal weight (see Matter of Wood v Dennison, 25 AD3d 1056, 1057 [2006]). Furthermore, there is no merit to petitioner's claim that the Board improperly extended his minimum term of incarceration because, regardless of the fact that he already has served the 20-year minimum imposed by the trial court, the Board is vested with the discretion to determine if release is appropriate under the circumstances presented (see Matter of Cody v Dennison, 33 AD3d 1141, 1142 [2006], lv denied 8 NY3d 802 [2007]). Petitioner's remaining contentions are unavailing. Inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), there is no reason to disturb it.

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.