■ In the Matter of ANTHONY F. WISE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [862 NYS2d 644]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 4, 2008 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1978, petitioner was convicted of two counts of murder in the second degree, robbery in the first degree and burglary in the first degree after he and two companions ransacked the home of three elderly women and assaulted them, resulting in the death of one of the women. He was thereafter sentenced to an aggregate term of 25 years to life in prison. In December

2006, he made his third appearance before the Board of Parole requesting parole release. The Board denied his request and directed him to reappear in December 2008. Petitioner appealed, but commenced this CPLR article 78 proceeding when a timely determination was not made on his administrative appeal. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

It is well settled that parole release decisions are discretionary and will not be disturbed if they comply with the statutory requirements set forth in Executive Law § 259-i (see Matter of Turner v Dennison, 24 AD3d 1074, 1074 [2005]; Matter of De Lagarde v New York State Div. of Parole, 23 AD3d 876, 876 [2005]). The record here discloses that the Board considered the appropriate statutory factors including not only the serious nature of the crimes, but also petitioner's criminal history, prison disciplinary record, program accomplishments and postrelease plans (see Matter of Marsh v New York State Div. of Parole, 31 AD3d 898 [2006]; Matter of Turner v Dennison, 24 AD3d at 1074-1075). Although the Board placed great emphasis on the violent nature of the crimes and petitioner's criminal history, it was not required to discuss or give equal weight to each statutory factor (see Matter of Giles v Dennison, 31 AD3d 920, 920-921 [2006]). Inasmuch as we do not find that the Board's decision evinces " 'irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we decline to disturb it. We have considered petitioner's remaining contentions and find them to be unavailing.

Spain, J.P., Carpinello, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs. [See 2007 NY Slip Op 34356(U).]