■ In the Matter of SERGE MOTTI, Appellant, v GEORGE ALEXANDER, as Chair of the New York State Division of Parole, Respondent. [863 NYS2d 839]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered January 3, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted of two counts of murder in the second degree in 1979 and was sentenced to concurrent terms of 15 years to life in prison. In June 2007, petitioner made his eighth appearance before the Board of Parole for parole release. His request was denied and he was ordered to be held for an additional 24 months. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Initially, we note that, contrary to petitioner's claim, the fact that he has served his minimum sentence does not give him a protected liberty interest in parole release (*see Matter of Warren v New York State Div. of Parole*, 307 AD2d 493, 493 [2003]; *Matter of Vineski v Travis*, 244 AD2d 737, 738 [1997], *lv denied* 91 NY2d 809 [1998]). Petitioner's assertion that the Board failed to comply with the requirements of Executive Law § 259-i is also without merit. The record demonstrates that the Board considered the appropriate statutory factors in denying his request (*see* Executive Law § 259-i [2] [c]), including petitioner's educational and program achievements, his prison disciplinary record, his postrelease plans, as well as the seriousness of his crimes (*see Matter of Cruz v New York State Div. of Parole*, 39 AD3d 1060, 1061-1062 [2007]; *Matter of Marsh v New York State Div. of Parole*, 31 AD3d 898, 898 [2006]). Moreover, despite petitioner's contention to the contrary, the Board may place a greater emphasis on the seriousness of his crimes than on the other statutory factors, as it was not required to weigh each factor equally or articulate the weight accorded to each factor (*see Matter of Gardiner v New York State Div. of Parole*, 48 AD3d 871, 872 [2008]; *Matter of Rivera v Dennison*, 25 AD3d 856, 857 [2006]).

Petitioner further contends that the Board erroneously failed to consider his sentencing minutes in rendering its decision (*see Matter of Standley v New York State Div. of Parole*, 34 AD3d 1169, 1170 [2006]). While the Board does not concede this point, there is nothing in the record indicating that the sentencing minutes were considered. A review of the sentencing minutes reveals, however, that the sentencing court made no parole recommendations. Therefore, we find any failure to consider the sentencing minutes to be harmless (*see Matter of Schettino v New York State Div. of Parole*, 45 AD3d 1086, 1087 [2007]). Accordingly, inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Peters, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.