■ In the Matter of CHRISTOPHER M. ALLIS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [890 NYS2d 200]—

In 2007, petitioner was convicted of two counts of criminal contempt in the first degree and was sentenced to concurrent terms of 1 to 4 years in prison. In April 2008, he made his initial appearance before the Board of Parole seeking parole release. At the conclusion of the hearing, his request was denied and he was ordered held an additional 24 months. Petitioner filed an administrative appeal and, when he did not receive a response within four months, he commenced this CPLR article 78 proceeding. Supreme Court subsequently dismissed the petition and this appeal ensued.

We affirm. "[I]t is well settled that parole release decisions are discretionary and will be upheld as long as they comply with the statutory requirements of Executive Law § 259-i" (*Matter of Veras v New York State Div. of Parole*, 56 AD3d 878, 879 [2008]; *see Matter of Wise v New York State Div. of Parole*, 54 AD3d 463, 464 [2008]). Here, the Board complied with the statutory requirements insofar as it considered not only the seriousness of petitioner's crimes, but also his history of committing similar offenses, his prison disciplinary record and his program accomplishments. Contrary to petitioner's claim, the Board was entitled to place more emphasis on the serious nature of his crimes and was not required to equally weigh each factor or to articulate the weight it accorded each factor in making its decision (*see Matter of MacKenzie v Dennison*, 55 AD3d 1092, 1092 [2008]; *Matter of Motti v Alexander*, 54 AD3d 1114, 1115 [2008]). Inasmuch as the Board's decision does not exhibit " 'irrational-

ity bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Mercure, J.P., Lahtinen, Kane, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.