■ In the Matter of ROBERT J. WILLIAMS, Appellant, v GEORGE B. ALEXANDER, as Chair of the New York State Division of Parole, Respondent. [897 NYS2d 280]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 16, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR

---

* Although claimant filed a grievance in regard to his termination, an arbitrator found that the termination was valid.

article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1984, while on parole from a manslaughter conviction, petitioner fatally stabbed a male acquaintance. As a result, he was convicted of murder in the second degree and was sentenced to 20 years to life in prison. In April 2008, petitioner made his third appearance before the Board of Parole seeking parole release. At the conclusion of the hearing, the Board denied his request and ordered him held an additional 24 months. Petitioner took an administrative appeal and, when he did not receive a response within four months, he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

It is well settled that parole decisions are discretionary and will not be disturbed so long as the statutory requirements of Executive Law § 259-i are satisfied (*see Matter of Veras v New York State Div. of Parole*, 56 AD3d 878, 879 [2008]; *Matter of Wise v New York State Div. of Parole*, 54 AD3d 463, 464 [2008]). Contrary to petitioner's claim, the record discloses that the Board considered the appropriate statutory factors in making its decision. Specifically, the Board took into account the seriousness of petitioner's crime, his criminal history, his prison disciplinary record, his program accomplishments and his post-release plans (*see Matter of Smith v New York State Div. of Parole*, 64 AD3d 1030, 1031 [2009]; *Matter of Brower v Alexander*, 57 AD3d 1060, 1060 [2008], *lv denied* 12 NY3d 707 [2009]). Although the Board placed great emphasis on the violent nature of petitioner's crime, including the fact that it occurred while petitioner was on parole, it was entitled to do so as it was not required to accord each of the statutory factors equal weight (*see Matter of Webb v Travis*, 26 AD3d 614, 615 [2006], *lv denied* 7 NY3d 709 [2006], *cert denied sub nom. Webb v Dennison*, 549 US 1184 [2007]). We find no merit to petitioner's assertion that the Board's decision was the product of an informal executive policy to deny parole to violent felons (*see Matter of MacKenzie v Dennison*, 55 AD3d 1092, 1093 [2008]; *Matter of Garofolo v Dennison*, 53 AD3d 734, 735 [2008]). Likewise, we have considered petitioner's due process argument and find it to be unavailing. Given that the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Mercure, J.P., Peters, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.