■ In the Matter of WILFREDO GONZALEZ, Appellant, v CHAIR, NEW YORK STATE BOARD OF PAROLE, Respondent. [898 NYS2d 737]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered June 29, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

---

Petitioner was convicted in 1983 of the crime of murder in the second degree and was sentenced to 20 years to life in prison. In June 2008, he appeared before the Board of Parole seeking parole release. At the conclusion of the hearing, the Board denied his request and ordered him held an additional 24 months. Petitioner took an administrative appeal and, when he did not receive a response within four months, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Initially, we note that parole release decisions are discretionary and will not be disturbed so long as the Board complies with the requirements set forth in Executive Law § 259-i (*see Matter of Allis v New York State Div. of Parole*, 68 AD3d 1309, 1309 [2009]; *Matter of Veras v New York State Div. of Parole*, 56 AD3d 878, 879 [2008]). The Board is not required to articulate every statutory factor considered in making its decision or to give each such factor equal weight (*see Matter of Veras v New York State Div. of Parole*, 56 AD3d at 879; *Matter of Motti v Alexander*, 54 AD3d 1114, 1115 [2008]). Contrary to petitioner's claim, the record discloses that the Board did not base its decision solely upon the serious nature of the crime. While the Board was entitled, as it did, to accord this factor greater weight (*see Matter of MacKenzie v Dennison*, 55 AD3d 1092, 1092 [2008]; *Matter of Wise v New York State Div. of Parole*, 54 AD3d 463, 464 [2008]), it also considered the recommendations of the sentencing judge, petitioner's clean disciplinary record, his program accomplishments and his postrelease plans (*see* Executive Law § 259-i [1] [a]; [2] [c]). Thus, we cannot conclude that the Board's decision exhibits " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). We have considered petitioner's remaining contentions, including his claim that the Board's decision amounts to resentencing, and find them to be without merit (*see Matter of Borcsok v New York State Div. of Parole*, 34 AD3d 961, 962 [2006], *lv denied* 8 NY3d 803 [2007]). Therefore, we discern no reason to disturb the Board's decision.

Peters, J.P., Lahtinen, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.