■ In the Matter of Francesco Nicoletta, Appellant, v New York State Division of Parole, Respondent. [904 NYS2d 788]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered September 29, 2009 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1994, petitioner was convicted of two counts of attempted murder in the second degree and was sentenced to consecutive terms of 5 to 15 years in prison. In September 2008, he made his third appearance before the Board of Parole seeking parole release. At the conclusion of the hearing, his request was denied and he was ordered held until his reappearance date in July 2010. Petitioner pursued an administrative appeal and, when a decision was not forthcoming within four months, he commenced this CPLR article 78 proceeding. Following service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

Parole release decisions are discretionary and will not be disturbed so long as the statutory requirements of Executive Law § 259-i are satisfied (see Matter of Wright v Alexander, 71 AD3d 1270, 1271 [2010]; Matter of Veras v New York State Div. of Parole, 56 AD3d 878, 879 [2008]). The Board is not required to articulate every statutory factor considered in making its decision or to give each such factor equal weight (see Matter of Gonzalez v Chair, N.Y. State Bd. of Parole, 72 AD3d 1368, 1369 [2010]). Here, the record discloses that, in denying petitioner's request for parole release, the Board properly took into account the nature of petitioner's crime, his prison programming, his prison disciplinary record and his postrelease plans.

Contrary to petitioner's contentions, the record does not demonstrate that the Board improperly assumed that petitioner knew that one of his victims was an off-duty police officer, or that he had been convicted of attempted murder in the first degree. We also find no error in the Board's consideration of the serious injuries that petitioner inflicted on his victims despite the fact that injury was not an element of his crimes. Indeed, the Board may consider the nature and severity of his offense, including the facts underlying petitioner's convictions, in determining whether his release would be compatible with the welfare and safety of the community (see Matter of Williams v Alexander, 71 AD3d 1264, 1265 [2010]; Matter of LaSalle v New York State Div. of Parole, 69 AD3d 1252, 1253 [2010], lv denied 14 NY3d 709 [2010]).

Finally, petitioner's challenge on the ground that the Board failed to consider his sentencing minutes or to make diligent efforts to locate them is not preserved for our review in that petitioner failed to raise the issue on administrative appeal (*see Matter of Cruz v Travis*, 273 AD2d 648, 649 [2000]). Although petitioner's appeal was not timely decided, thereby satisfying his duty to exhaust administrative remedies (*see* 9 NYCRR 8006.4 [c]), he was still obligated to raise the issue to preserve it for judicial review. Accordingly, inasmuch as the Board considered the appropriate factors and its decision does not exhibit "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we will not disturb it.

Mercure, J.P., Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.