■ In the Matter of FRED WATSON, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [910 NYS2d 311]—

Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered February 23, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner was convicted in 1976 of murder in the second degree and robbery in the first degree when, in the course of robbing a liquor store, he shot the owner to death. In 1978, petitioner was again convicted of murder in the first degree for the contract killing of his codefendant's wife, whom he stabbed to death. As a result, petitioner was sentenced to an aggregate term of 25 years to life in prison. In December 2008, petitioner

---

* The Retirement System conceded that petitioner was permanently incapacitated from the performance of his duties.

made his fifth appearance before respondent for parole release. At the conclusion of the hearing, respondent denied his request and ordered him held for an additional 24 months. When a decision on his administrative appeal was not rendered within four months, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Although petitioner contends that respondent failed to apply the statutory factors set forth in Executive Law § 259-i, the record demonstrates that respondent properly considered not only the serious nature of petitioner's crimes, but also his prison disciplinary record, program accomplishments and postrelease plans (*see Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d 1609, 1609 [2010], *lv dismissed* 15 NY3d 867 [2010]; *Matter of Gonzalez v Chair, N.Y. State Bd. of Parole*, 72 AD3d 1368, 1369 [2010]). Because equal weight need not be accorded to each factor, respondent did not err by placing particular emphasis on the serious nature of petitioner's crimes (*see Matter of Gonzalez v Chair, N.Y. State Bd. of Parole*, 72 AD3d at 1369; *Matter of Williams v Alexander*, 71 AD3d 1264, 1265 [2010]). As such, respondent's decision does not exhibit " 'irrationality bordering on impropriety' " and, therefore, we find no reason to disturb it (*Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d at 1610, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

We have considered petitioner's remaining claims, including that he was deprived of due process, and find them to be without merit.

Peters, J.P., Spain, Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.