■ In the Matter of CHARLES McALLISTER, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [910 NYS2d 600]—

Appeal from a judgment of the Supreme Court (Lynch, J.), entered April 22, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1996, petitioner was convicted of criminal possession of a controlled substance in the seventh degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. He was sentenced as a persistent violent felony offender to concurrent terms of imprisonment having an aggregate of 10 years to life. In March 2008, he made his third appearance before the Board of Parole seeking to be released to parole supervision. His request was denied, and he was ordered held an additional 24 months. This determination was later upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. As part of the proceeding, he requested a stay of any further parole hearings, and respondent agreed to a postponement. Although a further parole hearing was inadvertently conducted in April 2010 in petitioner's absence, this determination was later reversed and expunged from petitioner's institutional record. Supreme Court dismissed the petition challenging the March 2008 parole determination, and petitioner now appeals.

Initially, we note that, in light of the administrative reversal of the April 2010 parole determination, the determination at issue is not moot and we need not consider whether it falls within the exception to the mootness doctrine as argued by petitioner. Turning to the merits, it is well settled that parole release decisions are discretionary and will not be disturbed so long as they are made in accordance with the statutory requirements set forth in Executive Law § 259-i (*see Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d 1609, 1609 [2010], *lv dismissed* 15 NY3d 867 [2010]; *Matter of Gonzalez v Chair, N.Y. State Bd. of Parole*, 72 AD3d 1368, 1369 [2010]). Notably, the Board is not required to articulate each statutory factor considered in making its decision nor give each factor equal weight (*see Matter of Griffin v Dennison*, 32 AD3d 1060, 1061 [2006]; *Matter of Carter v Dennison*, 19 AD3d 974, 974 [2005]). Here, the record reveals that the Board properly took into account the serious nature of petitioner's crimes, his lengthy criminal history, his prison disciplinary record, his program accomplishments and his postrelease plans, as well as the sentencing minutes, in denying his request (*see Matter of Miller v New York State Div. of Parole*, 72 AD3d 690, 691 [2010]; *see also Matter of Karlin v Alexander*, 57 AD3d 1156, 1156-1157 [2008], *lv denied* 12 NY3d 704 [2009]). Although one of the prison disciplinary violations petitioner incurred prior to his March 2008 appearance was administratively reversed after the hearing, the Board's consideration of it does not warrant annulment of its determination, especially in light of petitioner's

numerous other disciplinary violations (*see generally Matter of Arce v Travis*, 273 AD2d 564, 564-565 [2000]). Inasmuch as the Board's determination does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we decline to disturb it.

We have reviewed petitioner's remaining contentions and find them to be without merit.

Mercure, J.P., Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.