In the Matter of MITCHELL KALWASINSKI, Appellant, v DAVID PATERSON, as Governor of the State of New York, et al., Respondents. [915 NYS2d 715]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 5, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 15 years to life stemming from his conviction of murder in the second degree for causing the death of a three-year-old child. In January 2009, he made his seventh appearance before the Board of Parole seeking parole release. That request was denied and petitioner was ordered held for an additional 24 months. That decision was upheld on administrative review and petitioner, thereafter, commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

The record discloses that in denying petitioner's request for parole release, the Board considered the relevant factors required by Executive Law § 259-i, including the circumstances surrounding the present offense and his criminal history, prison disciplinary record, program and educational achievements while incarcerated and postrelease plans (*see Matter of Cohen v Lemons*, 75 AD3d 706, 707 [2010]; *Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d 1609, 1609 [2010], *lv dismissed* 15 NY3d 867 [2010]). Notably, the Board was not required to give each factor equal weight or articulate every factor it considered (*see Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d at 1609; *Matter of Gonzalez v Chair, N.Y.*

*State Bd. of Parole*, 72 AD3d 1368, 1369 [2010]). Thus, we perceive no reason to disturb the Board's decision where it does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Perez v Evans*, 76 AD3d 1130, 1131 [2010], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Petitioner's remaining contentions, including that the Board's decision amounts to resentencing and that the length of the hold is excessive, have been examined and found to be without merit (*see Matter of Gonzalez v Chair, N.Y. State Bd. of Parole*, 72 AD3d at 1369).

Cardona, P.J., Peters, Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.