■ In the Matter of WILLIAM GORDON, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [916 NYS2d 854]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered April 15, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

In 1994, petitioner was convicted of attempted murder in the second degree, criminal possession of a weapon in the second degree and two counts of assault in the second degree, and was sentenced to an aggregate term of 13⅓ to 40 years in prison. In January 2009, he made his second appearance before respondent seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held an additional 24 months. Petitioner filed an administrative appeal and, when he did not receive a timely response, he commenced this CPLR article 78 proceeding. Following service of respondent's answer, Supreme Court dismissed the petition. This appeal ensued.

Initially, we note that parole release decisions are discretionary and will not be disturbed so long as the statutory requirements of Executive Law § 259-i are satisfied (*see Matter of Gonzalez v Chair, N.Y. State Bd. of Parole*, 72 AD3d 1368, 1369 [2010]; *Matter of Wright v Alexander*, 71 AD3d 1270, 1271 [2010]). Notably, respondent need not articulate each statutory

factor considered in making its decision nor give each factor equal weight (*see Matter of Martin v New York State Div. of Parole*, 47 AD3d 1152, 1152 [2008]; *Matter of Rodney v Dennison*, 24 AD3d 1152, 1153 [2005]). Here, there is no support for petitioner's claim that respondent did not comply with the statute because it based its decision solely upon the seriousness of his crimes. Rather, the record reveals that respondent considered not only the seriousness of petitioner's crimes, but also his clean criminal record, program accomplishments, lack of prison disciplinary violations and postrelease plans (*see Matter of Wise v New York State Div. of Parole*, 54 AD3d 463, 464 [2008]; *Matter of Burress v Dennison*, 37 AD3d 930, 931 [2007]). Inasmuch as respondent's decision does not exhibit " 'irrationality bordering on impropriety' " (*see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we decline to disturb it. We have considered petitioner's remaining contentions and find them to be unpersuasive.

Cardona, P.J., Peters, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.