■ In the Matter of Joaquin Santos, Appellant, v Andrea Evans, as Chair of the New York State Division of Parole, Respondent. [916 NYS2d 325]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered June 10, 2010 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1992, petitioner was convicted of, among other things, three counts of attempted murder in the first degree and was sentenced to an aggregate term of 15 years to life in prison. In 2009, petitioner made his third appearance before the Board of Parole seeking to be released to parole supervision. At the

conclusion of the hearing, his application was denied and he was ordered held an additional 24 months. Petitioner took an administrative appeal and subsequently commenced this CPLR article 78 proceeding. Following service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (*see Matter of Gonzalez v Chair, N.Y. State Bd. of Parole*, 72 AD3d 1368, 1369 [2010]; *Matter of Ruiz v New York State Div. of Parole*, 70 AD3d 1162, 1163 [2010]). Upon reviewing the record here, we find no merit to petitioner's claim that the Board failed to take into account the relevant statutory factors set forth in Executive Law § 259-i. The Board considered not only the serious nature of petitioner's crimes, but also his lack of a prior criminal record, absence of recent prison disciplinary violations, program accomplishments, postrelease plans and the sentencing minutes. While the Board ultimately placed greater emphasis on the seriousness of petitioner's crimes in denying his request for parole, it was entitled to do so as it was not required to give the statutory factors equal weight (*see Matter of Allis v New York State Div. of Parole*, 68 AD3d 1309, 1309 [2009]; *Matter of Wise v New York State Div. of Parole*, 54 AD3d 463, 464 [2008]). Although petitioner further asserts that he was denied access to confidential materials considered by the Board, he has not preserved this claim for our review given his failure to raise it in his administrative appeal (*see Matter of Cruz v Travis*, 273 AD2d 648, 649 [2000]). His remaining arguments have been considered and are unavailing. In sum, we do not find that the Board's decision exhibits " 'irrationality bordering on impropriety' " and, therefore, we find no reason to disturb it (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

Cardona, P.J., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.