■ In the Matter of ROBERTO MARTINEZ, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [920 NYS2d 742]—

Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered July 15, 2010 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner fatally shot his wife's paramour and, as a result, was convicted in 1998 of manslaughter in the first degree. He was sentenced to 12$^{1}/_{2}$ to 25 years in prison. In July 2009, he

made his first appearance before respondent requesting to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held an additional 24 months. Petitioner filed an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding. Supreme Court subsequently dismissed the petition, resulting in this appeal.

Petitioner contends that respondent failed to give proper consideration to the statutory factors set forth in Executive Law § 259-i in denying his request for parole release and relied only upon the serious nature of the crime. Based upon our review of the record, we find this argument to be unpersuasive. We note that respondent is not required to articulate each statutory factor considered in making its decision nor give each factor equal weight (*see Matter of McAllister v New York State Div. of Parole*, 78 AD3d 1413, 1414 [2010], *lv denied* 16 NY3d 707 [2011]; *Matter of Gonzalez v Chair, N.Y. State Bd. of Parole*, 72 AD3d 1368, 1369 [2010]). Notably, it is entitled to place greater emphasis on the seriousness of the crime than on the other factors (*see Matter of Watson v New York State Bd. of Parole*, 78 AD3d 1367, 1368 [2010]; *Matter of Perez v Evans*, 76 AD3d 1130, 1131 [2010]). Here, respondent took into account petitioner's lack of criminal history, program accomplishments, prison disciplinary record and postrelease plans even though, in the end, it concluded that the serious nature of the crime was a compelling factor warranting the denial of his request. In view of this, we cannot conclude that respondent's decision exhibits "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *accord Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]). Therefore, we find no reason to disturb it.

Mercure, J.P., Spain, Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.