█ In the Matter of VINCENT GOMEZ, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [929 NYS2d 338]—

In 1989, petitioner pleaded guilty to murder in the second degree in connection with the killing of his brother and dismemberment of the body, and he is currently serving a term of 15 years to life in prison (*People v Gomez*, 192 AD2d 549 [1993], *lv denied* 82 NY2d 806 [1993]). In 2006, he made his second appearance before the Board of Parole seeking to be released to parole supervision, and the denial of this request was thereafter reversed on administrative appeal due to the Board's failure to consider the sentencing minutes. In February 2009, petitioner was scheduled for a de novo hearing at which the Board was to consider the sentencing minutes. The Board advised petitioner at the beginning of the hearing that the minutes had been destroyed in a flood, but he elected to proceed without them. At the conclusion of the hearing, his request for parole release was again denied and he was ordered held an ad-

ditional 24 months.* After the decision was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

Petitioner contends that the Board effectively resentenced him by denying his request for parole release because he has served more than 15 years in prison, which was the minimum period of incarceration agreed to under the plea agreement. We find this claim to be without merit (see Matter of Marsh v New York State Div. of Parole, 31 AD3d 898, 898 [2006]). The minimum term of imprisonment under a plea agreement is not tantamount to a sentencing recommendation as petitioner implies. Moreover, notwithstanding the unavailability of the sentencing minutes, petitioner indicated a willingness to proceed with the de novo hearing that resulted in the most recent denial of his request for parole release. Contrary to his suggestion, the Board was not required by the statute to consider the plea minutes as well (see Executive Law § 259-i [1] [a]; [2] [c] [A]). Upon reviewing the record, we conclude that the Board considered the relevant statutory factors set forth in Executive Law § 259-i (see Matter of Kalwasinski v Paterson, 80 AD3d 1065, 1065 [2011], lv denied 16 NY3d 710 [2011]; Matter of Vasquez v State of N.Y. Exec. Dept., Div. of Parole, 20 AD3d 668, 669 [2005]) and that its decision does not "exhibit 'irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]). Therefore, we find no reason to disturb it.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Respondent has advised that petitioner has obtained a six-month adjournment of his reappearance before the Board.