█ In the Matter of Raymond Mentor, Appellant, v New York State Division of Parole et al., Respondents. [930 NYS2d 302]—

In 1990, petitioner was convicted of robbery in the second degree and murder in the second degree. He was sentenced, respectively, to concurrent prison terms of 2 to 6 years and 15 years to life. In May 2010, he made his fourth appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held for an additional 24 months. Petitioner filed an administrative appeal and, when he did not receive a response within four months, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. The courts will not disturb the Board's discretionary decision to deny parole as long as the Board has complied with the statutory requirements set forth in Executive Law

§ 259-i (*see Matter of Santos v Evans*, 81 AD3d 1059, 1060 [2011]; *Matter of Smith v New York State Div. of Parole*, 81 AD3d 1026, 1026 [2011]). Here, the record discloses that the statutory requirements were satisfied. In addition to the serious nature of the crimes, the Board took into account petitioner's criminal record, numerous prison disciplinary violations, positive program and vocational accomplishments and postrelease plans, as well as the sentencing minutes (*see Matter of Santos v Evans*, 81 AD3d at 1060; *Matter of McAllister v New York State Div. of Parole*, 78 AD3d 1413, 1414 [2010], *lv denied* 16 NY3d 707 [2011]). Contrary to petitioner's claim, it is clear from the record, including the Board's decision, that the Board also considered petitioner's receipt of a certificate of limited credit time allowance. His receipt of this certificate, however, does not entitle him to release, as parole is not to be granted as a reward for good conduct (*see e.g. Matter of Gutkaiss v New York State Div. of Parole*, 50 AD3d 1418, 1418 [2008]; *Matter of Borcsok v New York State Div. of Parole*, 34 AD3d 961, 961 [2006], *lv denied* 8 NY3d 803 [2007]). Furthermore, while we do not condone the Board's failure to act upon petitioner's administrative appeal in a timely manner, we do not find that it deprived him of due process (*see generally People ex rel. Sanchez v Herbert*, 2 AD3d 1352, 1353 [2003]).* Petitioner's remaining claims have been considered and are unavailing. Given that the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we will not disturb it.

Peters, J.P., Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* We are troubled by the Board's pattern of not making timely rulings on administrative appeals in many of the parole cases that have come before us. We are concerned that this may be a disservice to the individuals seeking administrative review.