■ In the Matter of Injah Tafari, Appellant, v Andrea W. Evans, as Chair of the Division of Parole, Respondent. [958 NYS2d 802]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 26, 2012 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1989, petitioner was convicted of two counts of robbery in the first degree and was sentenced to concurrent prison terms of 20 years to life. In 2010, following a retrial, petitioner was convicted of assault in the second degree (two counts), assault in the third degree and criminal mischief in the third degree, and was sentenced to a controlling determinate term of four years in prison, to be followed by five years of postrelease supervision, to run consecutively to the sentence he was then serving. In May 2011, he appeared before the Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held an additional 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging it. Following joinder of issue, Supreme Court dismissed the petition and petitioner now appeals.

It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements of Executive Law § 259-i (*see Matter of Vaughn v Evans*, 98 AD3d 1158, 1159 [2012]; *Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d 1609, 1609 [2010], *lv dismissed* 15 NY3d 867 [2010]). Here, the record discloses that the Board complied with the statutory requirements by considering not only the serious nature of petitioner's crimes, but also his criminal history, extensive prison disciplinary record, program participation and postrelease plans (*see Matter of Vigliotti v State of N.Y. Exec. Div. of Parole*, 98 AD3d 789, 790 [2012]; *Matter of Valentino v Evans*, 92 AD3d 1054, 1055 [2012]). Petitioner claimed in his administrative appeal that the Board erroneously relied upon disciplinary violations that had been reversed and expunged from his institutional rec-

ord, but the record discloses that petitioner had numerous disciplinary infractions, notwithstanding the expungement of a few, and the Board's conclusion that he "had a poor record of adjustment while in prison" was well supported. The remaining contentions raised in petitioner's memoranda to Supreme Court have not been preserved, due to his failure to raise them in his administrative appeal (*see Matter of Santos v Evans*, 81 AD3d 1059, 1060 [2011]; *Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d at 1610). Therefore, as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we decline to disturb it.

Mercure, J.P., Rose, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.