■ In the Matter of Erick Campbell, Appellant, v Andrea W. Evans, as Chair of the Division of Parole, Respondent. [965 NYS2d 672]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered October 26, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

While on parole release, petitioner recklessly operated a motor vehicle and injured two police officers. As a result of that incident, he was convicted of attempted assault in the second degree and sentenced in February 2011 to an additional prison term of 1½ to 3 years. He appeared before the Board of Parole in July 2011 and sought to be released to parole supervision. His application was denied after a hearing, and he was ordered held for an additional 24 months. That determination was affirmed upon administrative appeal, prompting petitioner to commence the present CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner now appeals.

Whether to release an inmate to parole is a discretionary determination that will not be disturbed unless the Board failed to comply with the statutory requirements (*see* Executive Law § 259-i; *Matter of Tafari v Evans*, 102 AD3d 1053, 1053 [2013],

*lv denied* 21 NY3d 852 [2013]; *Matter of Amen v New York State Div. of Parole*, 100 AD3d 1230, 1230 [2012]). The record reveals that the Board complied with those requirements and considered the relevant factors, including the serious nature of petitioner's crime, his criminal history, prison disciplinary record, program participation and postrelease plans (*see Matter of Tafari v Evans*, 102 AD3d at 1053). Inasmuch as the ensuing determination does not reflect "irrationality bordering on impropriety," we decline to disturb it (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *accord Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]).

Contrary to petitioner's further assertion, we perceive nothing excessive or otherwise improper in the Board's decision to impose a 24-month hold (*see Matter of Tatta v State of N.Y., Div. of Parole*, 290 AD3d 907, 907-908 [2002], *lv denied* 98 NY2d 604 [2002]). His remaining contentions, to the extent that they are preserved for our review, have been considered and found to lack merit.

Rose, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.