Appeal from a judgment of the Supreme Court (Feldstein, J.), entered September 12, 2012 in Clinton County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
In 2008, petitioner was convicted of manslaughter in the second degree and three counts of assault in the third degree and was sentenced to various concurrent prison terms, the greatest of which was 3 Vs to 10 years. Petitioner made his initial appearance before the Board of Parole in September 2011, at which time the Board declined to release him to parole supervision and ordered him held for an additional 24 months. The determination was upheld on administrative appeal and petitioner thereafter commenced this proceeding pursuant to CPLR article 78. Supreme Court dismissed the petition and petitioner now appeals.
We affirm. Initially, contrary to petitioner’s contention, inasmuch as the effective date of the 2011 amendment to Executive Law § 259-c (4) (see L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 38-b, 49 [f]) postdated petitioner’s parole hearing, the new procedural requirements contained in such amendment did not apply here (see Matter of Davidson v Evans, 104 AD3d 1046 *1275 [2013]; see also Matter of Ramos v Heath, 106 AD3d 747, 747-748 [2013]; Matter of Hamilton v New York State Div. of Parole, 36 Misc 3d 440, 442-443 [2012], appeal dismissed 101 AD3d 1549 [2012]). Furthermore, the record demonstrates that the Board appropriately considered the statutory factors set forth in Executive Law § 259-i, including the seriousness of petitioner’s crimes, his positive institutional record, his program accomplishments, his earned eligibility certificate and his postrelease plans (see Matter of Tafari v Evans, 102 AD3d 1053, 1054 [2013], lv denied 21 NY3d 852 [2013]; Matter of Rodriguez v Evans, 82 AD3d 1397, 1398 [2011]; Matter of Nicoletta v New York State Div. of Parole, 74 AD3d 1609, 1609 [2010], lv dismissed 15 NY3d 867 [2010]). Although the Board’s decision contained a factual misstatement, there is no indication that the decision was affected by the discrepancy in a meaningful way (see Matter of Morrison v Evans, 81 AD3d 1073, 1073-1074 [2011]; Matter of Ponder v Alexander, 56 AD3d 848, 849 [2008]). Inasmuch as the Board’s decision does not exhibit “irrationality bordering on impropriety,” we discern no basis upon which to disturb it (Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; see Matter of Tafari v Evans, 102 AD3d at 1054).
Lahtinen, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.