*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 17, 2015                     520591
_____

In the Matter of PAUL FEILZER,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF
    PAROLE,
                    Respondent.
_____

Calendar Date:  August 10, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____

        Paul Feilzer, Sonyea, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (Connolly, J.),
entered February 5, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant CPLR article
78, to review a determination of the Board of Parole denying
petitioner's request for parole release.

        Petitioner was convicted in 2012 of grand larceny in the
second degree and grand larceny in the third degree after he
stole funds from an elderly woman while acting as her financial
advisor.  He was sentenced to concurrent prison terms of 2 to 6
years.  In September 2013, he made his initial appearance before
the Board of Parole seeking to be released to parole supervision.
The Board denied his request and ordered him held for an
additional 24 months.  Petitioner took an administrative appeal
and, when it was not decided within four months, he commenced
this CPLR article 78 proceeding.  Following joinder of issue,

Supreme Court dismissed the petition.  This appeal followed.

Petitioner contends, among other things, that the Board failed to evaluate his request for parole release in light of the 2011 amendments to the Executive Law and to undertake a risk assessment that balanced all statutory factors and instead focused only upon the serious nature of his crimes.  We disagree. The record reveals that, in addition to the gravity of petitioner's crimes, the Board considered his lack of criminal history, clean disciplinary record, program accomplishments, postrelease plans and certificate of earned eligibility, as well as the sentencing minutes (see Matter of Hill v New York State Bd. of Parole, 130 AD3d 1130, 1131 [2015]; Matter of Lackwood v New York State Div. of Parole, 127 AD3d 1495, 1495 [2015]; Matter of Singh v Evans, 107 AD3d 1274, 1275 [2013]).  Significantly, in accordance with the 2011 amendments, the Board also considered the COMPAS Risk and Needs Assessment instrument and petitioner's completion of phase I of the transitional accountability plan (see Executive Law § 259-c [4]; Correction Law § 71-a).  In evaluating a request for parole release, the Board was not required to give each statutory factor equal weight (see Matter of Diaz v New York State Dept. of Corrections & Community Supervision, 127 AD3d 1493, 1494 [2015]; Matter of Singh v Evans, 118 AD3d 1209, 1210 [2014], lv denied 24 NY3d 906 [2014]) and could, in its discretion, place greater emphasis upon the serious nature of petitioner's crimes (see Matter of Martinez v New York State Bd. of Parole, 83 AD3d 1319, 1319 [2011]; Matter of Santos v Evans, 81 AD3d 1059, 1060 [2011]).  In view of this, and upon reviewing the record, we do not find that the Board's decision exhibits "'irrationality bordering on impropriety'" (Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014], lv denied 24 NY3d 901 [2014], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]).  We have considered petitioner's remaining claims and find them to be unavailing.  Therefore, we decline to disturb the Board's decision.

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court