■ In the Matter of WAMEL ALLAH, Appellant, v GEORGE PATAKI, as Governor of New York State, et al., Respondents. [789 NYS2d 764]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered March 19, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a sentence of 25 years to life following his 1977 conviction of murder in the second degree concurrent with a 10-year sentence for criminal possession of a weapon in the second degree. In March 2003, the Board of Parole denied his request for parole release. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued.

Contrary to petitioner's contention on appeal, the record establishes that the Board considered not only the violent nature of the instant offense, but other relevant statutory factors (*see* Executive Law § 259-i [2] [c]). To that end, the Board discussed petitioner's positive educational achievements, participation in various programming while incarcerated and plans upon release, as well as noted the letters of recommendation submitted on his behalf. In addition, the Board considered petitioner's poor disciplinary record, particularly since his last appearance before the Board, and the fact that he was under parole supervision at the time the 1977 offenses occurred. Inasmuch as the Board considered the appropriate factors and there was no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50

NY2d 69, 77 [1980]), the determination is not subject to further judicial review (*see* Executive Law § 259-i [5]; *Matter of Legette v Travis*, 11 AD3d 849 [2004]). We have reviewed petitioner's remaining contentions, including that the determination was improperly influenced by political pressure or public opinion and that he was not given fair notice that he was considered a violent felony offender, and find them to be without merit.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.