■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY KLINE, Appellant. [853 NYS2d 605]—

Contrary to the defendant's contention, there was no *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) in the instant case (*see People v LaValle*, 3 NY3d 88, 110 [2004]; *People v Cortijo*, 70 NY2d 868, 870 [1987]). Furthermore, the trial court providently exercised its discretion in denying the defendant's motion to dismiss the indictment because of a *Rosario* violation (*see People v Rosario*, 9 NY2d 286 [1961]), since there was no showing that the defendant was substantially prejudiced (*see People v Martinez*, 71 NY2d 937, 940 [1988]; *People v Best*, 186 AD2d 141 [1992]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of rape in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80 [1982]). Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.