■ In the Matter of ARTHUR WRIGHT, Appellant, v GEORGE ALEXANDER, as Chair of the New York State Division of Parole, Respondent. [896 NYS2d 507]—

---

Appeal from a judgment of the Supreme Court (Sackett, J.), entered August 18, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1989 of assault in the second degree and was sentenced as a persistent violent felony offender to six years to life in prison. In 2004, he was released to parole supervision. He was subsequently convicted of additional criminal offenses and, as a result, his parole was revoked and a 12-month delinquent time assessment was imposed. In April 2008, petitioner appeared before the Board of Parole seeking to be released on parole. Following a hearing, the Board denied his request and ordered him held an additional 24 months. When petitioner did not receive a response to his administrative appeal within four months, he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner appeals.

Parole release decisions are discretionary and will not be disturbed so long as the statutory requirements of Executive Law § 259-i are satisfied (*see Matter of Veras v New York State Div. of Parole*, 56 AD3d 878, 879 [2008]; *Matter of Wise v New York State Div. of Parole*, 54 AD3d 463, 464 [2008]). Notably, the Board need not articulate every statutory factor considered in making its decision nor give each factor equal weight (*see Matter of Brower v Alexander*, 57 AD3d 1060, 1060-1061 [2008], *lv denied* 12 NY3d 707 [2009]; *Matter of Veras v New York State Div. of Parole*, 56 AD3d at 879). Here, the record discloses that in denying petitioner's request for parole release, the Board took into account the nature of petitioner's crime, the fact that it was committed while he was on parole, his extensive criminal record, his recent prison disciplinary infraction, his certificate of earned eligibility and his postrelease plans (*see Matter of Turner v Dennison*, 24 AD3d 1074, 1074-1075 [2005]). Inasmuch as the Board considered the appropriate factors and its decision does not exhibit "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *accord Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]), we find no reason to disturb it. Furthermore, under the circumstances presented here, we find no merit to petitioner's claim that the Board's imposition of a 24-month hold was excessive (*see Matter of Smith v New York State Div. of Parole*, 64 AD3d 1030, 1031 [2009]; *Matter of Ariola v New York State Div. of Parole*, 62 AD3d 1228, 1229 [2009], *lv denied* 13 NY3d 707 [2009]).

Mercure, J.P., Peters, Spain, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.