■ In the Matter of ANTHONY SMITH, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [916 NYS2d 285]—

Appeal from a judgment of the Supreme Court (McGrath, J.), entered July 22, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1989, petitioner was convicted of kidnapping in the first degree and was sentenced to 15 years to life in prison. In June 2009, he made his fourth appearance before the Board of Parole. At the conclusion of the hearing, his request for parole release was denied and he was ordered held for an additional 24 months. Petitioner then filed an administrative appeal and, when he did not receive a response, he commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

Initially, we note that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (*see Matter of Ruiz v New York State Div. of Parole*, 70 AD3d 1162, 1163 [2010]; *Matter of Veras v New York State Div. of Parole*, 56 AD3d 878, 879 [2008]). The Board is not required to articulate every statutory factor considered in making its decision or give each factor equal weight (*see Matter of Serrano v Alexander*, 70 AD3d 1099, 1100 [2010]; *Matter of Allis v New York State Div. of Parole*, 68 AD3d 1309, 1309 [2009]).

Here, the Board properly took into account not only the serious nature of petitioner's crime, but also his criminal history, extensive prison disciplinary record, positive program accomplishments and postrelease plans in denying his request for parole release (*see Matter of Wise v New York State Div. of Parole*, 54 AD3d 463, 464 [2008]). While petitioner correctly notes that the Board failed to consider the sentencing minutes, the record discloses that they were unavailable despite a diligent effort to locate them and, consequently, this omission is not a basis for annulling the Board's decision (*see Matter of Geraci v Evans*, 76 AD3d 1161, 1162 [2010]; *Matter of Matul v Chair of*

*N.Y. State Bd. of Parole*, 69 AD3d 1196, 1197 [2010]). Furthermore, we find no merit to petitioner's claim that the Board's imposition of a 24-month hold was excessive under the circumstances presented (*see Matter of Wright v Alexander*, 71 AD3d 1270, 1271 [2010]).

Petitioner's remaining arguments have been considered and are unpersuasive. Inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Cardona, P.J., Rose, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.