THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED KHATIB, Appellant. [916 NYS2d 234]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered December 23, 2003, convicting him of conspiracy in the second degree (four counts) and criminal sale of a firearm in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of four counts of conspiracy in the second degree is unpreserved for appellate review (*see* CPL

470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Lewis*, 72 AD3d 705 [2010], *lv denied* 15 NY3d 752 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's further contention, reversal is not warranted due to the late disclosure of certain *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), since the defendant failed to show that he was substantially prejudiced thereby (*see People v Martinez*, 71 NY2d 937, 940 [1988]; *People v Kline*, 49 AD3d 665 [2008]). Furthermore, the trial court providently exercised its discretion in limiting the sanction imposed upon the People for their late disclosure to an adverse inference charge with respect to the trial testimony of two police detectives, rather than imposing an adverse inference charge in connection with the testimony of a confidential informant, as requested by the defendant (*see People v Jenkins*, 98 NY2d 280 [2002]).

The defendant was not deprived of the effective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.