■ In the Matter of JORGE A. SANCHEZ, Appellant, v DIVISION OF PAROLE, Respondent. [933 NYS2d 139]—

In 2008, petitioner was convicted of vehicular manslaughter in the first degree as well as driving while intoxicated and was sentenced to 2 to 6 years in prison. In January 2010, he made his initial appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held an additional

24 months. Petitioner took an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding. Following service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

Initially, it is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements of Executive Law § 259-i (*see Matter of Dalton v Evans*, 84 AD3d 1664, 1664 [2011]; *Matter of Smith v New York State Div. of Parole*, 81 AD3d 1026, 1026 [2011]). Upon reviewing the record, we find no merit to petitioner's claim that the Board failed to consider the proper statutory factors. In addition to the serious nature of petitioner's crimes, the Board also took into account the fact that these were his only criminal convictions, he had no prison disciplinary infractions, completed a number of programs and received a certificate of earned eligibility, and his postrelease plans included deportation to Mexico, his country of origin (*see Matter of Cruz v New York State Div. of Parole*, 39 AD3d 1060, 1062 [2007). The Board was not required to accord equal weight to each of the statutory factors in making its decision (*see Matter of Blasich v New York State Bd. of Parole*, 48 AD3d 1029, 1029-1030 [2008]; *Matter of Mojica v Travis*, 34 AD3d 1155, 1156 [2006]). Moreover, we find no error in the Board's reference to petitioner's status as an illegal alien as he admitted that he gained entry to the United States from Mexico illegally. Contrary to petitioner's claim, the Board did not indicate that he had a prior criminal conviction as a result. We have considered petitioner's remaining contentions and find them to be unavailing. In sum, the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), and we find no reason to disturb it.

Mercure, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.