In the Matter of JOHN MacKENZIE, Appellant, v ANDREA EVANS, as Chair of the New York State Division of Parole, Respondent. [945 NYS2d 471]—

Rose, J.P. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered September 11, 2011 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

In 1982, petitioner was convicted of a number of crimes, including murder in the second degree, after he shot and killed a police officer during the course of a burglary (*People v MacKenzie*, 193 AD2d 700 [1993], *lv denied* 82 NY2d 722 [1993]). He was sentenced to an aggregate prison term of 25 years to life. In June 2010, he made his sixth appearance before the Board of Parole seeking to be released to parole supervision. Following a hearing, the Board again denied his request and ordered him held an additional 24 months. The decision was affirmed on administrative appeal and petitioner commenced this CPLR article 78 proceeding challenging it. Following service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

We affirm. It is well settled the parole release decisions are

---

2. The mother has not appeared in response to the appeal.

discretionary and will not be disturbed as long as the Board complied with the statutory requirements of Executive Law § 259-i (*see Matter of Valentino v Evans*, 92 AD3d 1054 [2012]; *Matter of Sanchez v Division of Parole*, 89 AD3d 1305, 1306 [2011]). In accordance with those requirements,* the Board considered not only the serious nature of petitioner's crimes, but also his criminal history, positive program accomplishments, clean prison disciplinary record for over 30 years and postrelease plans (*see Matter of MacKenzie v Dennison*, 55 AD3d 1092, 1092 [2008]; *Matter of Burress v Dennison*, 37 AD3d 930, 931 [2007]). Although the Board placed greater emphasis on the severity of the crimes than on the other statutory factors in concluding that petitioner's release was "incompatible with the welfare and safety of the community, and will so deprecate the seriousness of th[e] crime[s] as to undermine respect for the law," it was entitled to do so as the Board was not required to give equal weight to each of the statutory factors (*see Matter of Sanchez v Division of Parole*, 89 AD3d at 1306; *Matter of Matos v New York State Bd. of Parole*, 87 AD3d 1193, 1194 [2011]). Contrary to petitioner's assertions, the publicity generated by certain members of the Legislature purporting to take credit for the denial of parole to petitioner does not substantiate his contention that the Board's decision was the result of political pressure (*see generally Matter of Allah v Pataki*, 15 AD3d 810, 811 [2005], *appeal dismissed* 5 NY3d 780 [2005]; *Matter of McGovern v Travis*, 268 AD2d 924, 925 [2000]). Likewise, his challenge to the constitutionality of the statute is unavailing (*see Matter of Felder v Travis*, 278 AD2d 570, 571 [2000]; *Matter of Jerrell v Ibsen*, 253 AD2d 917 [1998]). In sum, given that the Board's decision does not evince " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we decline to disturb it.

Malone Jr., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* We note that Executive Law § 259-i and related parole statutes were amended after the Board's decision in this case (*see* L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 38-b, 38-f-1).