Appeal from a judgment of the Supreme Court (Cahill, J.), entered January 19, 2012 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.
*1159 In 2009, petitioner was convicted of attempted criminal possession of a controlled substance in the fourth degree and attempted criminal possession of a controlled substance in the fifth degree. He was sentenced as a second felony drug offender to prison terms of three years on the former charge and 2V2 years on the latter charge, both to be followed by two years of postrelease supervision. These sentences were to run concurrently to one another but consecutively to various prior indeterminate sentences, including two prison sentences of 10 to 20 years imposed as a result of petitioner’s 1994 convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. In October 2010, petitioner made his first appearance before the Board of Parole with respect to his 2009 convictions. At the conclusion of the hearing, the Board denied his request for parole release and ordered him held an additional 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.
Initially, it is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements of Executive Law § 259-i (see Matter of MacKenzie v Evans, 95 AD3d 1613, 1613-1614 [2012]; Matter of Dalton v Evans, 84 AD3d 1664 [2011]).* Consistent with these statutory requirements, the Board here considered not only the serious nature of the crimes at issue, but also petitioner’s lengthy criminal record, his prior parole violations, clean prison disciplinary record and program accomplishments, as well as his postrelease plans (see Executive Law § 259-i [2] [c] [A] [i], [iii], [vii], [viii]; Matter of MacKenzie v Evans, 95 AD3d at 1614; Matter of Veras v New York State Div. of Parole, 56 AD3d 878, 879 [2008]). Petitioner points to the fact that the Board was also bound to consider “the length of the determinate sentence to which the inmate would be subject had he or she received a sentence pursuant to [Penal Law §§ 70.70 or 70.71] . . . for a felony defined in article [220] or article [221] of the [P]enal [L]aw” (Executive Law § 259-i [2] [c] [A] [vi]). He asserts that, in accordance with the above provision, the Board erred in failing to take into account the lesser determinate sentence he would have received if resentenced on *1160 his 1994 convictions under the Drug Law Reform Act of 2009 (see L 2009, ch 56, as codified in CPL 440.46), or the considerations prompting the passage of this legislation. However, petitioner’s sentencing history was before the Board and it is not required to articulate each statutory factor it considers or the weight accorded to each factor (see Matter of Gordon v New York State Bd. of Parole, 81 AD3d 1032, 1032-1033 [2011]; Matter of Allis v New York State Div. of Parole, 68 AD3d 1309, 1309 [2009]; Matter of Abbas v New York State Div. of Parole, 61 AD3d 1228, 1228-1229 [2009]). Petitioner’s remaining claims are similarly without merit. Therefore, insofar as the Board’s decision does not exhibit “ ‘irrationality bordering on impropriety’ ” (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.
Rose, J.P, Lahtinen, Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 We note that Executive Law § 259-i and related parole statutes were amended and made effective on March 31, 2011, the same day as the date of the Board’s decision in this case (see L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 38-b, 38-f-l). Accordingly, the amended statute is applicable here.