◼ In the Matter of MICHAEL BURRESS, Appellant, v ANDREA W. EVANS, as Chair of the Division of Parole, Respondent. [967 NYS2d 486]—

Appeal from a judgment of the Supreme Court (Melkonian, J.), entered September 20, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1979, petitioner was convicted of a number of crimes, the most serious of which was murder in the second degree, after he drove an associate to a hotel to commit a robbery and a police officer was fatally shot during the commission of the crime. Petitioner thereafter was sentenced to an aggregate term of 20 years to life in prison. In June 2011, petitioner reappeared before the Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, petitioner's request was denied and he was ordered held for an additional 24 months. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements of Executive Law § 259-i (*see Matter of Dalton v Evans*, 84 AD3d 1664, 1664 [2011]; *Matter of Wright v Alexander*, 71 AD3d 1270, 1271 [2010]). In making its decision, the Board is not required to articulate every statutory factor considered or give each factor equal weight (*see Matter of Smith v New York State Div. of Parole*, 81 AD3d 1026, 1026 [2011]; *Matter of Wright v Alexander*, 71 AD3d at 1271). Here,

in addition to considering the serious nature of his crimes, the Board also took into account petitioner's prior criminal history, his recent prison disciplinary violation, his program accomplishments and his postrelease plans (*see Matter of Rivera v New York State Div. of Parole*, 95 AD3d 1586, 1587 [2012]; *Matter of Mojica v Travis*, 34 AD3d 1155, 1156 [2006]), as well as the underlying sentencing minutes (*see Matter of Evans v Dennison*, 75 AD3d 711, 712 [2010]). Moreover, contrary to petitioner's claim, the Board set forth in adequate detail the reasons for its denial of his request for release (*see Matter of Comfort v New York State Div. of Parole*, 68 AD3d 1295, 1296 [2009]; *Matter of Martin v New York State Div. of Parole*, 47 AD3d 1152, 1152 [2008]). Accordingly, as the Board's decision did not exhibit " 'irrationality bordering upon impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we discern no basis upon which to disturb it. Petitioner's remaining contentions either have not been preserved for our review or are lacking in merit.

Peters, P.J., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.