■ In the Matter of Roberto Martinez, Appellant, v Andrea D. Evans, as Chair of the New York State Division of Parole, Respondent. [968 NYS2d 258]—

Appeal from a judgment of the Supreme Court (Cahill, J.), entered August 17, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1998, petitioner pleaded guilty to manslaughter in the first degree for fatally shooting his wife's paramour. He was sentenced to 12½ to 25 years in prison. In June 2011, he made his second appearance before the Board of Parole seeking to be released to parole supervision. Following a hearing, his request was denied and he was ordered held an additional 24 months. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court subsequently dismissed the petition and this appeal ensued.

We affirm. Parole release determinations are discretionary and will not be set aside so long as the Board complied with the statutory requirements of Executive Law § 259-i (*see Matter of Tafari v Evans*, 102 AD3d 1053, 1053 [2013], *lv denied* 21 NY3d 852 [2013]; *Matter of Amen v New York State Div. of Parole*, 100 AD3d 1230, 1230 [2012]). The Board is not required to articulate every statutory factor it considered in making its decision nor is it required to give each factor equal weight (*see Matter of Vigliotti v State of N.Y. Exec. Div. of Parole*, 98 AD3d 789, 790 [2012], *lv dismissed* 20 NY3d 1034 [2013]). The record here reveals that, in denying his request for parole release, the Board considered the relevant statutory factors, including the serious nature of petitioner's crime, his otherwise clean criminal history, his relatively good prison disciplinary record, his program accomplishments and his postrelease plans (*see Matter of Vaughn v Evans*, 98 AD3d 1158, 1159 [2012]; *Matter of Mac-Kenzie v Evans*, 95 AD3d 1613, 1614 [2012], *lv denied* 19 NY3d 815 [2012]). Contrary to petitioner's claim, the Board also considered the sentencing minutes (*see Matter of Evans v Dennison*, 75 AD3d 711, 712 [2010]). Moreover, the Board was entitled to place greater emphasis upon the serious nature of the crime than the other factors (*see Matter of Vigliotti v State of N.Y. Exec. Div. of Parole*, 98 AD3d at 790; *Matter of Mac-Kenzie v Evans*, 95 AD3d at 1614). The Board's reference to the crime having been committed "with malice" pertains to its interpretation of the circumstances of the crime and does not establish that the Board relied upon erroneous information (*see Matter of Rodriguez v Evans*, 102 AD3d 1049, 1050 [2013]; *Matter of Parmes v Travis*, 17 AD3d 885, 886 [2005]). In sum, given that the Board's decision does not evince " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.