Appeal from a judgment of the Supreme Court (Mott, J.), entered March 6, 2013 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
Petitioner committed a number of crimes while on probation in 1983, including murder in the second degree, and is currently serving an aggregate prison sentence of 21 years to life. In October 2011, he made his third appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, the Board denied his request and ordered him held an additional 24 months. The determination was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging it, and Supreme Court ultimately dismissed the petition. This appeal ensued.
We affirm. It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements contained in Executive Law § 259-i (see Matter of Patterson v Evans, 106 AD3d 1456, 1457 [2013]; Matter of Veras v New York State Div. of Parole, 56 AD3d 878, 879 [2008]). Notably, the Board is not required to articulate every statutory factor it considered nor to give each factor equal weight (see Matter of Smith v New York State Div. of Parole, 81 AD3d 1026, 1026 [2011]; Matter of Wright v Alexander, 71 AD3d 1270, 1271 [2010]). Contrary to petitioner’s claim, the record here reveals that the Board considered not only the serious nature of petitioner’s crimes, but also his clean prison disciplinary record, positive program accomplishments, postrelease plans, letters of recommendation and expressions of remorse (see Matter of Griffin v Dennison, 32 AD3d 1060, 1061 [2006]; Matter of Wilcher v Dennison, 30 AD3d 958, 959 [2006]). There is no merit to petitioner’s assertion that the Board failed to consider the sentencing minutes as they are *1135 included in the record and were specifically mentioned by the Board during the hearing (compare Matter of Evans v Dennison, 75 AD3d 711, 712 [2010]). Likewise, there is no record support for petitioner’s claim that the Board relied upon erroneous and/or incorrect information (see Matter of Ondrizek v Dennison, 39 AD3d 1114, 1115 [2007]). Furthermore, under the circumstances presented, we do not find that the Board’s imposition of a 24-month hold was excessive (see Matter of Smith v New York State Div. of Parole, 81 AD3d at 1027; Matter of Wright v Alexander, 71 AD3d at 1271). Inasmuch as the Board’s decision does not reflect “ ‘irrationality bordering on impropriety’ ” (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.
Rose, J.P., Lahtinen, Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.