Appeal from a judgment of the Supreme Court (Teresi, J.), entered June 5, 2013 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner’s request for parole release.
As a result of an incident in which petitioner beat a man to death, he was convicted of murder in the second degree and was sentenced to 17V2 years to life in prison. In June 2012, he made his first appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of a hearing, the Board denied his request and ordered him held an additional 24 months. Petitioner filed an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding challenging the Board’s decision. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.
Initially, it is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (see Matter of Martinez v Evans, 108 AD3d 815, 816 [2013]; Matter of Burress v Evans, 107 AD3d 1216, 1216 [2013]). Contrary to petitioner’s claim, the record discloses that the Board considered the appropriate statutory factors, including the serious nature of his crime, his criminal history, his prison disciplinary record, his program accomplishments and his post-release plans (see Matter of Campbell v Evans, 106 AD3d 1363, 1364 [2013]; Matter of Matos v New York State Bd. of Parole, 87 AD3d 1193, 1194 [2011]). While petitioner contends that the Board gave undue weight to a statement made by the victim’s brother at sentencing, the Board was required to consider the sentencing minutes (see Matter of Williams v New York State Div. of Parole, 70 AD3d 1106, 1106 [2010], lv denied 14 NY3d 709 [2010]) and was entitled to give greater weight to the seri *993 ous nature of the crime than to the other statutory factors (see Matter of Martinez v Evans, 108 AD3d at 816). Notably, the statement of the victim’s brother is consistent with the information contained in the presentence investigation report, and petitioner even admitted at the parole hearing that the victim was not standing during the altercation. Petitioner’s further assertion that the Board failed to utilize the statutorily-mandated “COMPAS Risk and Needs Assessment” instrument (see Executive Law § 259-c [4]) is flatly contradicted by the record (compare Matter of Garfield v Evans, 108 AD3d 830, 830 [2013]), and his related due process claim — to the extent that it is properly before us — is unavailing. We have considered petitioner’s remaining arguments and find them to be unpersuasive. Accordingly, given that the Board’s decision does not evince “ ‘irrationality bordering upon impropriety’ ” (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.
Peters, EJ., Stein, Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.