■ In the Matter of Mohammed Khatib, Appellant, v New York State Board of Parole, Respondent. [988 NYS2d 286]—

Appeal from a judgment of the Supreme Court (Mercure, J.), entered September 26, 2013 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying his request for parole release.

In 2003, petitioner was convicted following a jury trial of four counts of conspiracy in the second degree and criminal possession of a firearm in the third degree after he hired a "hitman" to murder his former paramour and three of her family members. He was sentenced as a second felony offender to concurrent prison terms totaling 12½ to 25 years, and his conviction was later upheld on appeal (*People v Khatib*, 81 AD3d 852 [2011], *lv denied* 16 NY3d 896 [2011]). In July 2012, petitioner appeared before respondent for the first time seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held for an

additional 24 months.* Petitioner took an administrative appeal, which apparently was not decided within four months, and then commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and petitioner now appeals.

Initially, it is well settled that parole release decisions are discretionary and will not be disturbed as long as respondent complied with the statutory requirements set forth in Executive Law § 259-i (*see Matter of Williams v New York State Div. of Parole*, 114 AD3d 992, 992 [2014]; *Matter of Shark v New York State Div. of Parole Chair*, 110 AD3d 1134, 1134 [2013], *lv dismissed* 23 NY3d 933 [2014]). Contrary to petitioner's claim, the record discloses that respondent considered the relevant statutory factors in evaluating his request for parole release, including not only the serious nature of his crimes, but also his criminal history, his prison disciplinary record, the sentencing minutes, his program accomplishments and his postrelease plans (*see Matter of Martinez v Evans*, 108 AD3d 815, 816 [2013]; *Matter of Santos v Evans*, 81 AD3d 1059, 1060 [2011]), as well as the statutorily-required COMPAS Risk and Needs Assessment instrument (*see* Executive Law § 259-c [4]; *see also Matter of Olmosperez v Evans*, 114 AD3d 1077 [2014]; *Matter of Williams v New York State Div. of Parole*, 114 AD3d at 993). We note that respondent was obligated to consider the serious nature of the crimes, as well as petitioner's lack of remorse and failure to accept responsibility (*see Matter of Partee v Evans*, 117 AD3d 1258, 1259 [2014]; *Matter of MacKenzie v Evans*, 95 AD3d 1613, 1614 [2012], *lv denied* 19 NY3d 815 [2012]).

Petitioner further asserts that respondent's decision is defective because it is based on erroneous information consisting of a statement by a member of respondent that petitioner failed to cooperate with the District Attorney during the criminal prosecution. Even if this statement were inaccurate, we do not find it a basis for annulling the determination inasmuch as there is no indication in the record that respondent actually relied upon it in making its determination (*see Matter of Murray v Evans*, 83 AD3d 1320, 1321 [2011]; *Matter of Restivo v New York State Bd. of Parole*, 70 AD3d 1096, 1097 [2010]), but rather, as noted above, it based its determination upon a multitude of other factors. We have considered petitioner's remaining arguments and find them to be unavailing. Given that respondent's determination does not exhibit " 'irrationality bordering on impropriety' "

---

* The Attorney General notes that because petitioner received a merit time allowance and was denied parole, his next appearance is determined by his parole eligibility date, which is on December 20, 2014.

(*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Lahtinen, J.P., McCarthy, Garry, Egan Jr. and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.