Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered February 4, 2013 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.
It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from a judgment denying his petition seeking to annul the determination denying him parole release, petitioner contends that the Parole Board, in rendering its decision, erred in relying solely on the severity of his offense, which involved the non-fatal shooting of a police officer. Pursuant to Executive Law § 259-i (2) (c) (A), the Parole Board must consider eight enumerated factors in determining whether to release an inmate to parole supervision, and may place “greater emphasis on the severity of the crime [ ] than on the other statutory factors” (Matter of MacKenzie v Evans, 95 AD3d 1613, 1614 [2012], lv denied 19 NY3d 815 [2012]; see Matter of Patterson v Evans, 106 AD3d 1456, 1457 [2013], lv denied 22 NY3d 912 [2013]; Matter of Huntley v Evans, 77 AD3d 945, 947 [2010]). Here, the record establishes that, although the Parole Board placed heavy emphasis on the severity of petitioner’s offense, it did not solely consider that factor. Indeed, in its decision, the Parole Board noted petitioner’s “educational and program accomplishments,” as well as his letters of support, and it cannot be said that the Parole Board’s determination *1439 that petitioner is not yet suitable for release was “so irrational under the circumstances as to border on impropriety” (Matter of Friedgood v New York State Bd. of Parole, 22 AD3d 950, 951 [2005]; see Matter of Comfort v New York State Div. of Parole, 68 AD3d 1295, 1297 [2009]).
Petitioner further contends that Executive Law § 259-c (4) should be applied retroactively to his hearing, which was held in July 2011. It is well settled that “statutes are presumptively prospective in their application absent an express legislative intent to the contrary” (Morales v Gross, 230 AD2d 7, 9 [1997]; see Matter of Mulligan v Murphy, 14 NY2d 223, 226 [1964]). Here, “by specifying an effective date of an amendment to Executive Law § 259-c (4) that postdated [petitioner’s] parole hearing, ‘the [legislature evinced its intent that the provision’ only be applied prospectively” (Matter of Davidson v Evans, 104 AD3d 1046, 1046 [2013]; see Matter of Joyner v New York State Div. of Parole, 114 AD3d 792, 792-793 [2014]; Matter of McCaskell v Evans, 108 AD3d 926, 927 [2013]).
Present—Scudder, PJ, Centra, Carni, Lindley and DeJoseph, JJ.