*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                    517795
_____

In the Matter of RONALD
    RIVERS,
                        Appellant,
          v                                MEMORANDUM AND ORDER

ANDREA EVANS, as Chair of the
    Division of Parole, et al.,
                        Respondents.
_____

Calendar Date:  June 9, 2014

Before:  Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.

_____

        Ronald Rivers, Woodbourne, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondents.

_____

        Appeal from a judgment of the Supreme Court (LaBuda, J.), entered October 1, 2013 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

        Petitioner, who has several prior felony convictions, is currently serving a term of 20 years to life in prison upon his 1989 conviction of criminal possession of a controlled substance in the first degree.  In 2012, he reappeared before the Board of Parole seeking to be released to parole supervision.  The Board denied his request and ordered him held for an additional 24 months.  Petitioner took an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding.  Following service of respondents' answer,

Supreme Court dismissed the petition and this appeal ensued.

Parole release decisions are discretionary and will be upheld so long as the Board complied with the statutory requirements of Executive Law § 259-i (see Matter of Campbell v Evans, 106 AD3d 1363, 1363-1364 [2013]; Matter of Vaughn v Evans, 98 AD3d 1158, 1159 [2012]).  The record reveals that, in denying petitioner's request for parole release, the Board considered the relevant statutory factors including the serious nature of petitioner's crime, his extensive criminal history, lengthy prison disciplinary record, program accomplishments, postrelease plans and the sentencing minutes (see Matter of Martinez v Evans, 108 AD3d 815, 816 [2013]; Matter of Mentor v New York State Div. of Parole, 87 AD3d 1245, 1246 [2011], lv denied 18 NY3d 803 [2012], cert denied ___ US ___, 132 S Ct 2437 [2012]; see also Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014]).  The Board also considered the statutorily-mandated COMPAS Risk and Needs Assessment instrument (see Executive Law § 259-c [4]; Matter of Williams v New York State Div. of Parole, 114 AD3d 992, 993 [2014]).  There is no support for petitioner's assertion that the Board relied on erroneous information regarding his criminal history, prison disciplinary record and past drug use in denying his request (see e.g. Matter of Rivera v New York State Div. of Parole, 95 AD3d 1586, 1587 [2012]).  Likewise, there is nothing to indicate that petitioner was denied a fair parole hearing (see Matter of Smith v New York State Div. of Parole, 64 AD3d 1030, 1031 [2009]).  Petitioner's remaining arguments are similarly unpersuasive.  Given that the Board's decision does not exhibit "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court