# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**943**
**CA 13-01121**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF WALTER BYAS,
PETITIONER-APPELLANT,

V                                 MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ZAINAB A. CHAUDHRY OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered May 22, 2013 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment dismissing his petition pursuant to CPLR article 78 seeking to annul the determination of the Parole Board denying him parole release. As an initial matter, we reject petitioner's contention that the 2011 amendment to Executive Law § 259-c (4) required the Parole Board to promulgate formal procedures to focus on rehabilitation in making parole release decisions. Instead, we agree with the Third Department that the 2011 memorandum issued by Chairwoman Andrea Evans to Parole Board members "sufficiently establishes the requisite procedures for 'incorporat[ing] risk and needs principles' into the process of making parole release decisions" (*Matter of Montane v Evans*, 116 AD3d 197, 202, *lv granted* 23 NY3d 903). In any event, we note that the Parole Board has promulgated regulations for "parole release decision-making procedures," which became effective July 30, 2014, that are consistent with the procedures set forth in the 2011 memorandum (*see* 9 NYCRR 8002.3).

We reject petitioner's further contention that the Parole Board's determination denying him parole release was based entirely on the severity of the crimes committed. The record establishes that the Parole Board properly considered not only the crimes committed, but also the fact that they were committed while petitioner was on parole

release, in addition to petitioner's criminal history, the COMPAS risk assessment instrument, his institutional programming and extensive history of institutional misbehavior reports, and his plans for release (*see Matter of Robles v Fischer*, 117 AD3d 1558, 1559). Petitioner "made no showing of irrationality bordering on impropriety to warrant judicial intervention" (*id.* [internal quotation marks omitted]; *see Matter of Silmon v Travis*, 95 NY2d 470, 476).

Entered:  September 26, 2014

Frances E. Cafarell
Clerk of the Court