*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 2, 2014                    518574
_____

In the Matter of CARLOS
    DELROSARIO,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

ANDREA EVANS, as Chair of
    the Division of Parole,
                        Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Peters, P.J., Lahtinen, McCarthy, Lynch and Clark, JJ.

                    _____

        Carlos Delrosario, Woodbourne, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent.

                    _____

        Appeal from a judgment of the Supreme Court (LaBuda, J.),
entered January 31, 2014 in Sullivan County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Board of Parole
denying petitioner's request for parole release.

        Petitioner was convicted of a multitude of crimes,
including burglary in the first degree, kidnapping in the second
degree and four counts of robbery in the first degree, as the
result of incidents that occurred in July 1990 and March 1991,
and he was sentenced to an aggregate prison term of 25 to 50
years (People v Del Rosario, 210 AD2d 72 [1994], lv denied 84
NY2d 1030 [1995]).  In December 2012, he made his second
appearance before the Board of Parole seeking to be released to
parole supervision.  Following a hearing, his request was denied

and he was ordered held an additional 24 months.  Petitioner filed an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Initially, we note that parole release decisions are discretionary and will not be disturbed as long as the Board complied with the statutory requirements of Executive Law § 259-i (see Matter of Hamilton v New York State Div. of Parole, 119 AD3d 1268; Matter of Williams v New York State Div. of Parole, 114 AD3d 992, 992 [2014]; Matter of Shark v New York State Div. of Parole, 110 AD3d 1134, 1134 [2013], lv dismissed 23 NY3d 933 [2014]).  Contrary to petitioner's claim, in making its decision, the Board did not just consider the serious nature of petitioner's crimes, but also took into account other relevant statutory factors, including his clean prison disciplinary record, program accomplishments, postrelease plans, the available sentencing minutes and the COMPAS Risk and Needs Assessment instrument (see Matter of Partee v Evans, 117 AD3d 1258, 1259 [2014], lv denied ___ NY3d ___ [Sept. 4, 2014]; Matter of Williams v New York State Div. of Parole, 114 AD3d at 992).  The Board cannot be faulted for not considering the sentencing minutes pertaining to the crimes arising from the March 1991 incident given that it made diligent efforts to obtain them, but they could not be located (see Matter of Smith v New York State Div. of Parole, 81 AD3d 1026, 1026-1027 [2011]; Matter of Williams v New York State Div. of Parole, 70 AD3d 1106, 1106, lv denied 14 NY3d 709 [2010]).  Moreover, the Board did not err in considering information in the presentence investigation report that petitioner fired a gun at police officers while attempting to flee during the March 1991 incident inasmuch as petitioner did not challenge the accuracy of this information (see Matter of Wisniewski v Michalski, 114 AD3d 1188, 1190 [2014]; Matter of Vigliotti v State of N.Y. Exec. Div. of Parole, 98 AD3d 789, 790 [2012], lv dismissed 20 NY3d 1034 [2013]).  Petitioner's contention that the Board failed to formally promulgate rules governing parole release in accordance with recent amendments to Executive Law § 259-c (4) is unpersuasive in light of our decision in Matter of Montane v Evans (116 AD3d 197 [2014], lv granted 23 NY3d 903 [2014]).  Accordingly, given that the Board's

decision does not evince "'irrationality bordering on impropriety'" (<u>Matter of Silmon v Travis</u>, 95 NY2d 470, 476 [2000], quoting <u>Matter of Russo v New York State Bd. of Parole</u>, 50 NY2d 69, 77 [1980]), we will not disturb it.

Peters, P.J., Lahtinen, McCarthy, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court