# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1198**
**CA 14-00061**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF GENARO DELACRUZ,
PETITIONER-APPELLANT,

V                                                  MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment or the Supreme Court, Wyoming County (Mark
H. Dadd, A.J.) entered December 12, 2013 in a proceeding pursuant to
CPLR article 78.  The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner appeals from a judgment dismissing his
petition pursuant to CPLR article 78 seeking to annul the
determination of the Parole Board (Board) denying him parole release.
We agree with petitioner that his appeal is not moot inasmuch as the
determination has not expired during the pendency of this appeal, and
he has not reappeared before the Board (*cf. Matter of Robles v Evans*,
100 AD3d 1455, 1455).  We nevertheless reject petitioner's contention
that Supreme Court erred in determining that the Board properly denied
parole release.  "It is well settled that parole release decisions are
discretionary and will not be disturbed so long as the Board complied
with the statutory requirements enumerated in Executive Law § 259-i"
(*Matter of Gssime v New York State Div. of Parole*, 84 AD3d 1630, 1631,
*lv dismissed* 17 NY3d 847; *see Matter of Johnson v New York State Div.
of Parole*, 65 AD3d 838, 839; *see generally Matter of King v New York
State Div. of Parole*, 83 NY2d 788, 790-791).  The Board is "not
required to give equal weight to each of the statutory factors" but,
rather, may "place[] greater emphasis on the severity of the crimes
than on the other statutory factors" (*Matter of MacKenzie v Evans*, 95
AD3d 1613, 1614, *lv denied* 19 NY3d 815).

We conclude that the record establishes that the Board considered
the relevant factors in determining that petitioner's release would be

incompatible with the welfare of society and would so deprecate the serious nature of his crimes as to undermine respect for the law (*see* Executive Law § 259-i [2] [c] [A]), and petitioner has made no " 'showing of irrationality bordering on impropriety' " with regard to the determination to warrant judicial intervention (*Matter of Silmon v Travis*, 95 NY2d 470, 476; *see Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77; *Matter of Singh v Evans*, 107 AD3d 1274, 1275). Contrary to petitioner's contention, the Board adequately set forth its reasons for denying his application for release (*see* § 259-i [2] [a] [i]; *Matter of Siao-Pao v Dennison*, 11 NY3d 777, 778, *rearg denied* 11 NY3d 885). We reject petitioner's further contention that the Board failed to comply with recent amendments to the Correction Law requiring the development of a transitional accountability plan for inmates (*see* § 71-a, L 2011, ch 62, § 1, part C, § 1, subpart A, § 16-a). "The language of the statute clearly applies only to newly admitted prisoners and is prospective in nature" and, here, petitioner was admitted to prison more than 20 years before the statutory provision took effect (*Matter of Rivera v New York State Div. of Parole*, 119 AD3d 1107, 1108-1109; *see generally Matter of Freeman v Fisher*, 118 AD3d 1438, 1439).

Contrary to petitioner's contention, we conclude that the 2011 memorandum issued by Chairwoman Andrea Evans to Board members "sufficiently establishes the requisite procedures for incorporat[ing] risk and needs principles into the process of making parole release decisions" (*Matter of Byas v Fischer*, 120 AD3d 1586, 1586 [internal quotation marks omitted]; *see* Executive Law § 259-c [4]). In any event, we note that the Board has promulgated regulations for "parole release decision-making procedures," which became effective July 30, 2014, that are consistent with the procedures set forth in the 2011 memorandum (*see* 9 NYCRR 8002.3).

We have reviewed petitioner's remaining contentions and conclude that they are without merit.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court