*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015                    519653
_____

In the Matter of JOSE DIAZ,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER
NEW YORK STATE DEPARTMENT
    OF CORRECTIONS AND
    COMMUNITY SUPERVISION
    et al.,
                    Respondents.
_____

Calendar Date:  February 24, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

_____

        Jose Diaz, Otisville, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Victor Paladino of counsel), for respondents.

_____

        Appeal from a judgment of the Supreme Court (Platkin, J.), entered July 30, 2014 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Parole denying petitioner's request for parole release.

        Petitioner was convicted of various crimes, including murder in the second degree, and was sentenced to an aggregate term of 15 years to life in prison.  In April 2013, he made his fifth appearance before respondent Board of Parole seeking to be released to parole supervision.  The Board denied his request and ordered him held for an additional 24 months.  Petitioner took an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding.  Following

service of respondents' answer, Supreme Court dismissed the petition and petitioner now appeals.

Initially, it is well established that parole release decisions are discretionary and will not be disturbed provided that the Board complied with the statutory requirements set forth in Executive Law § 259-i (see Matter of Delacruz v Annucci, 122 AD3d 1413, 1413 [2014]; Matter of Molinar v New York State Div. of Parole, 119 AD3d 1214, 1215 [2014]).  Contrary to petitioner's claim, the Board considered the relevant statutory factors, including the serious nature of petitioner's crimes, his criminal history, his prison disciplinary record, his program accomplishments and his postrelease plans, as well as the sentencing minutes and the COMPAS Risk and Needs Assessment instrument (see Matter of Delrosario v Evans, 121 AD3d 1152, 1153 [2014]; Matter of Rivers v Evans, 119 AD3d 1188, 1188 [2014]). Significantly, the Board was not required to place equal weight upon each statutory factor that it considered (see Matter of Singh v Evans, 118 AD3d 1209, 1210 [2014], lv denied 24 NY3d 906 [2014]; Matter of Shark v New York State Div. of Parole, 110 AD3d 1134, 1134 [2013], lv dismissed 23 NY3d 933 [2014]).  Moreover, in light of our decision in Matter of Montane v Evans (116 AD3d 197, 202 [2014], appeal dismissed 24 NY3d 1052 [2014]), we find that the Board adequately complied with the 2011 amendments to Executive Law § 259-c (4).[1]  We have considered petitioner's remaining contentions and find them to be unavailing.  Given that the Board's decision does not exhibit "'irrationality bordering on impropriety'" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.

---

[1]  Subsequent to the Board's April 2013 decision denying petitioner parole, the Board promulgated formal regulations governing parole release procedures (see 9 NYCRR 8002.3) and, as a result, the Court of Appeals dismissed the appeal as moot in Matter of Montane v Evans (supra).  Insofar as the April 2013 decision was rendered well before these regulations took effect, petitioner may not challenge them here.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court