# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**761**
**CA 15-00051**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF LEONARD FISCHER,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL GRAZIANO, SUPERINTENDENT, COLLINS
CORRECTIONAL FACILITY, AND TINA M. STANFORD,
CHAIRWOMAN, NEW YORK STATE BOARD OF PAROLE,
RESPONDENTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (HILLEL DEUTSCH OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

LEONARD FISCHER, PETITIONER-RESPONDENT PRO SE.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered September 15, 2014 in a proceeding pursuant to CPLR article 78. The judgment vacated the determination of the New York State Board of Parole to deny petitioner parole release and directed a de novo hearing.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to vacate the determination of the New York State Board of Parole (Board) denying his release to parole supervision. Respondents appeal from a judgment granting the petition and directing a de novo hearing before a different panel. We reverse the judgment and dismiss the petition. "It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements enumerated in Executive Law § 259-i" (*Matter of Gssime v New York State Div. of Parole*, 84 AD3d 1630, 1631, *lv dismissed* 17 NY3d 847; *see Matter of Delacruz v Annucci*, 122 AD3d 1413, 1413). The Board is "not required to give equal weight to each of the statutory factors" but, rather, may "place[] greater emphasis on the severity of the crimes than on the other statutory factors" (*Matter of MacKenzie v Evans*, 95 AD3d 1613, 1614, *lv denied* 19 NY3d 815; *see Delacruz*, 122 AD3d at 1413). "Judicial intervention is warranted only when there is a 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476; *see Matter of Gaston v Berbary*, 16 AD3d 1158, 1159). Here, we conclude upon our review of the hearing transcript and the Board's written

decision that the Board properly considered the required statutory factors and adequately set forth its reasons for denying petitioner's application for release (*see Matter of Siao-Pao v Dennison*, 11 NY3d 777, 778, *rearg denied* 11 NY3d 885).  We further conclude that there was no showing of " 'irrationality bordering on impropriety' " (*Silmon*, 95 NY2d at 476).