People ex rel. Gloss v Kickbush (2018 NY Slip Op 07582)





People ex rel. Gloss v Kickbush


2018 NY Slip Op 07582


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1082 KAH 16-00564

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. RICHARD GLOSS, PETITIONER-APPELLANT,
v
SUSAN KICKBUSH, SUPERINTENDENT, GOWANDA CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR PETITIONER-APPELLANT. 
RICHARD GLOSS, PETITIONER-APPELLANT PRO SE.


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered January 19, 2016 in a habeas corpus proceeding. The judgment, among other things, denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner is serving an indeterminate term of incarceration of 25 years to life for his conviction of, inter alia, murder in the second degree (People v Gloss, 83 AD2d 782, 782 [4th Dept 1981]). Petitioner commenced this proceeding seeking a writ of habeas corpus on the grounds that, inter alia, the indictment contained duplicitous counts, the prosecution withheld exculpatory evidence, County Court made erroneous evidentiary rulings during the trial, County Court's reasonable doubt charge was erroneous, and he is actually innocent. Supreme Court denied the petition. We affirm.
Initially, we reject respondent's contention that the appeal should be dismissed on the ground that no appeal lies from an ex parte order. Notice of the habeas corpus petition was not required to be provided to respondent (see CPLR 7002 [a]; People ex rel. Charles B. v McCulloch, 155 AD3d 1559, 1560 [4th Dept 2017], lv denied 31 NY3d 906 [2018]).
Petitioner contends in his main brief that the sentence is unduly harsh and severe, and that it also constitutes cruel and unusual punishment as applied to him. Those contentions are not properly before us because petitioner did not raise them in the petition (see People ex rel. McWhinney v Smith, 219 AD2d 879, 879 [4th Dept 1995]). Moreover, we note that the proper avenue for petitioner to challenge the denial of parole is not by way of habeas corpus petition, but is to file a CPLR article 78 petition challenging the denial of parole and, if that petition is denied, to appeal (see generally Matter of Peterson v Stanford, 151 AD3d 1960, 1961 [4th Dept 2017]; Matter of Fischer v Graziano, 130 AD3d 1470, 1470 [4th Dept 2015]).
Petitioner further contends in his main brief that certain evidentiary rulings and the reasonable doubt charge of County Court during the underlying murder trial were erroneous. Supreme Court properly rejected the petition with respect to those grounds. "Habeas corpus relief is not an appropriate remedy for asserting claims that were or could have been raised on direct appeal or in a CPL article 440 motion" (People ex rel. Haddock v Dolce, 149 AD3d 1593, 1593 [4th Dept 2017], lv denied 29 NY3d 917 [2017] [internal quotation marks omitted]; see People ex rel. Williams v Sheahan, 145 AD3d 1517, 1517 [4th Dept 2016], lv denied 29 NY3d 908 [2017]), or where the petitioner, if successful, would not be entitled to immediate release (see Williams, 145 AD3d at 1518). Here, each of the aforementioned grounds was either raised on direct appeal and rejected, or should have been raised on direct appeal or by CPL article 440 [*2]motion. Moreover, petitioner would not be entitled to immediate release if successful, and, instead, would be entitled to a new trial (see CPL 470.20 [1]; see generally People ex rel. Kaplan v Commissioner of Correction of City of N.Y., 60 NY2d 648, 649 [1983]).
We have reviewed the contentions in petitioner's pro se supplemental brief and conclude that none warrants reversal or modification of the judgment.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court